**NII METALS SERVICES, INC., Plaintiff,**

v.

**ICM STEEL CORPORATION, Defendant.**

**No. 77C3318.**

United States District Court,
N. D. Illinois, E. D.

April 24, 1981.

Earl Deutsch, Paul M. Levy, Terry L. Engel, Richard A. Schulman, Deutsch, Levy & Engel Chtd., Chicago, Ill., for plaintiff.

Martha A. Mills, Cotton, Watt, Jones, King & Bowlus, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This case poses a problem that, though it must recur with some degree of frequency, has seldom been addressed by the federal courts. It stems from an apparent tension between Sections 3 and 9 of the Federal Arbitration Act, 9 U.S.C. §§ 3 and 9 (cited in this opinion as "Section—"). For the reasons stated in this memorandum opinion and order, the Court resolves the tension in a manner it believes gives effect to *both* sections, by ordering enforcement of an arbitration award.

Plaintiff NII Metals Services, Inc. ("NII") initially brought this action for claimed breach of contract by defendant ICM Steel Corporation ("ICM"), predicating federal jurisdiction on diversity of citizenship. Because the contract in suit contained an arbitration clause,[1] ICM successfully invoked the provisions of Section 3 to "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement...." Now that the arbitration (conducted in New York City in accordance with the contract) has been concluded, NII as the prevailing party moves for confirmation of the award in its favor. ICM resists on the ground that the following provision of Section 9 limits jurisdiction for confirmation of the award to the United States District Court for the Southern District of New York:[2]

1. "Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in New York City by three arbitrators appointed in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator may be entered in any Court having jurisdiction thereof."

2. It should be noted that when the action was first reassigned to this Court, the parties' *joint* status report said:

On January 6, 1978, The Honorable Judge McGarr entered an Order, pursuant to the motion previously filed by defendant, to stay the instant proceedings pending arbitration in accord with 9 U.S.C. § 3. Judge McGarr retained jurisdiction of the instant cause *for the entry of a judgment on any award* entered in such arbitration proceedings. (Emphasis added)

If no court is specified in the agreement of the parties, then such application [for an order confirming the award] may be made to the United States court in and for the district within which such award was made.

■ Neither party has cited the Court to any case law authority except for NII's citation of *Murray Oil Products Co. v. Mitsui & Co.*, 146 F.2d 381, 383 (2d Cir. 1944), a case whose language as to the *nature* of arbitration proceedings was later disavowed by the United States Supreme Court in *Bernhardt v. Polygraphic Company of America, Inc.*, 350 U.S. 198, 203, 76 S.Ct. 273, 276, 100 L.Ed. 199 (1956). But our own research has disclosed two District Court cases pointing in opposite directions:

(1) *Arthur Imerman Undergarment Corp. v. Local 162*, 145 F.Supp. 14 (D.N.J. 1956), held that Section 9 was mandatory in its terms, so that the arbitration award could not be confirmed outside of the district within which the award had been made.

(2) *Paul Allison, Inc. v. Minikin Storage*, 452 F.Supp. 573 (D.Neb.1978), held that because the Arbitration Act is not itself a grant of jurisdiction (a well-established principle), a federal court that otherwise has jurisdiction of the parties may confirm the award even though it is not the district where the award was granted.

■ In this Court's view, though the Arbitration Act is hardly a model of clarity in this respect, the result reached in the later decision is preferable. It gives meaning, as ICM's position does not, to both sections of the Act. ICM's argument would effectively read Section 3 out of the Act because it would make the "stay" meaningless—a stay that could only lead to ultimate dismissal

whichever side prevailed in the arbitration. On the other hand, Section 9 can be read consistently with Section 3—albeit with some strain on the normal reading of the first two sentences of Section 9—by treating the word "may" in the second sentence as permissive and not exclusive.

■ Because the Arbitration Act does not confer federal jurisdiction by its own weight,[3] it is most profitable to approach the analysis in jurisdictional terms. As indicated at the outset, this Court has jurisdiction of the parties and the action on diversity grounds. In that respect it sits as though it were an Illinois trial court. Illinois choice of law rules in contract actions have not yet adopted the "most significant contacts" approach, but still look in a somewhat mechanistic way to the respective places of execution and performance (see for example *Cook Associates, Inc. v. Colonial Broach & Machine Co.*, 14 Ill.App.3d 965, 304 N.E.2d 27, 31–32 (1st Dist. 1973)). It is not necessary to determine whether those rules would refer to Illinois law or to New York law, because *each* state has a statute (Ill.Rev.Stat. ch. 10, § 111; N.Y.Civ. Prac.Law § 7510 (McKinney)) giving courts power to confirm arbitration awards. Whatever law applies, then, this Court has the same power in jurisprudential terms.

It would of course appear wasteful for this Court, already having jurisdiction of the parties, to be required to dismiss the action, making the prior stay a meaningless act and compelling NII to sue in New York to confirm the award. Accordingly the conclusion expressed in this opinion is consistent with principles of judicial economy. This Court hereby grants an order confirming the award in NII's favor made pursuant to the arbitration.[4]

---

3. *Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402, 408–9 (2d Cir. 1959), *cert. granted* 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618, dismissed under Rule 60, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960).

4. One other point should be mentioned that, though not raised as part of ICM's objection, is implicit in this Court's resolution of the issue. As indicated in footnote 1, the parties' contract provides that "judgment upon the award rendered by the Arbitrator may be entered in any

Court having jurisdiction *thereof*" (emphasis added). Under normal English usage, "thereof" refers back to "award"—but in the most technical sense, *no* court has "jurisdiction" of the award until suit is brought to enforce it (producing a circular locution). In the sense in which the term appears to be used, *this* Court—which has jurisdiction over the parties and stayed the suit to permit the arbitration— must be held to have "jurisdiction thereof."