### In the Matter of the Arbitration between HALLEY OPTICAL CORP., Petitioner,

v.

### JAGAR INTERNATIONAL MARKETING CORP., and John Degrandpre, individually, Respondents.

### No. 90 Civ. 6156 (DNE).

United States District Court, S.D. New York.

Dec. 18, 1990.

Law Offices of Daniel R. Wotman, New York City (Daniel R. Wotman, of counsel), for petitioner.

Strassberg & Strassberg, P.C., New York City (Robert Strassberg, of counsel), for respondents.

## MEMORANDUM & ORDER

EDELSTEIN, District Judge:

Petitioner Halley moves to confirm an arbitration award dated July 17, 1990, for interest, and for costs. Respondent De-Grandpre cross-moves to vacate the same arbitration award. For reasons to be discussed, petitioner's motion is granted.

### I. Background

Petitioner Halley is a seller of optical equipment. Respondent Jagar is a marketing company. Respondent DeGrandpre is the president of Jagar. On February 15, 1983, Halley entered into an agreement with Jagar where Jagar would "use its best efforts to locate suppliers for the production, manufacturing and assembly" of the Halley product the "Halleyscope" telescope (the "telescope"). In addition, Halley agreed to use Jagar as its exclusive agent in marketing its telescopes. The agreement contained clauses obligating Jagar to engage suppliers for telescopes at the lowest possible price. Further, Jagar and De-Grandpre agreed not import the telescope for anyone else, or to market the telescope to anyone else without the approval of Halley. Halley agreed to pay Jagar a 3% commission on all telescopes supplied to Halley, and a 5% commission on all telescopes marketed by Jagar. Jagar's performance under the contract was to be personally performed or supervised by De-Grandpre. Finally, the contract provided that all disputes would be submitted to arbitration.

The instant dispute arose when Halley discovered that DeGrandpre was accepting an additional 5% commission on all telescopes supplied to Halley from Tokyo Trading Company, the Japanese manufacturer of the telescopes ("TTC"). This commission was above and beyond the commission paid to Jagar by Halley. In addition, TTC offered DeGrandpre a 10% discount on the price of telescopes to be supplied to Halley in exchange for a 2% reduction in the commission it paid to DeGrandpre. De-Grandpre declined the TTC's offer. Finally, Halley eventually learned that De-Grandpre had negotiated with TTC to pur-chase telescopes and market them on his own.

On May 15, 1986, Halley filed for Bankruptcy under Chapter 11 of the United States Bankruptcy code. On February 21, 1989, the bankruptcy judge approved a plan or reorganization and Halley emerged from bankruptcy.

On October 1, 1989, Halley served its Demand for Arbitration pursuant to the American Arbitration Association's (AAA) rules. After extensive pre-hearing activity, the arbitration was held on April 4, 1990. Both Jagar and DeGrandpre were represented by counsel at the arbitration pending judicial determination of this issue. After the hearing, both sides submitted extensive post-hearing briefs. On July 17, 1990, the arbitrators rendered their award, directing Jagar and DeGrandpre, individually and severally, to pay Halley the amount of $258,373.10, to be distributed according to the order of the bankruptcy judge. The instant motions followed.

### II. Discussion

In its cross-motion to vacate the arbitration award, DeGrandpre argues he was not subject to the jurisdiction of the arbitration because the contract was between Jagar and Halley, not him personally. Halley argues that DeGrandpre waived his right to make this objection since this issue was submitted to the arbitrators.

Under 9 U.S.C. § 4, the proper procedure for a party to challenge whether it is subject to an arbitration agreement is to move the district court for a stay of arbitration. *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698 (2d Cir.1985). In the instant case, DeGrandpre contested whether the arbitration clause was in existence with respect to him before the arbitrators, but never sought a stay of arbitration. For this reason, DeGrandpre has waived this objection for the purpose of the instant appeal. To find otherwise would allow a party to participate in an arbitration, with the assurance that if it loses it may later challenge whether it had ever agreed to arbitration. Such a result is contrary to

the clear policy favoring arbitration. *Peters Fabrics, Inc. v. Jantzen*, 582 F.Supp. 1287, 1291–92 (S.D.N.Y.1984).

 Even if DeGrandpre could challenge the determination of the arbitrators that he was subject to arbitration, he has not demonstrated that this Court should vacate the arbitration award. Pursuant to 9 U.S.C. § 10(d), this Court should only vacate an award when "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made." In this circuit, a court must confirm an arbitration award if there is "even a barely colorable justification for th[e] decision ..." *United States Steel and Carnegie Pension Fund v. Dickinson*, 753 F.2d 250, 252 (2d Cir.1985); *see Advance Publications Inc. v. Newspaper Guild*, 616 F.2d 614, 617 (2d Cir.1980); *Andros Compania Maritima v. Marc Rich & Co., A.G.*, 579 F.2d 691, 704 (2d Cir.1978). This standard is directly applicable to an arbitrator's interpretation of a contract's terms, *United States Steel and Carnegie Pension Fund v. Dickinson, supra*, 753 F.2d at 252, if the question was properly before the arbitrators, *Andros Compania Maritima v. Marc Rich & Co., A.G., supra*, 579 F.2d at 704.

In this situation, the arbitrators through their award determined that DeGrandpre was subject to arbitration by the terms of the contract. This question was properly submitted to the arbitrators for a determination, as evidenced by DeGrandpre's admission that he appeared before the arbitrators to contest this issue. It is more than a barely colorable rationale for the arbitrator's decision to determine that as president of Jagar, DeGrandpre owed Halley a duty of loyalty and to personally oversee the contract's terms. As a result, DeGrandpre's motion to vacate the arbitration award must be denied, and Halley's motion to confirm the award must be granted.

Finally, Halley moves this Court for post-arbitration award interest, and for costs associated with the instant motion practice. First, the facts do not appear to warrant the imposition of pre-judgment interest. Further, While DeGrandpre's arguments have not been successful, they cannot be characterized as "frivolous, unreasonable and groundless" opposition to Halley's motion to confirm the arbitration. *Smiga v. Dean Witter Reynolds, supra*, 766 F.2d at 708. Accordingly, Halley's application for interest and costs is hereby denied.

IT IS HEREBY ORDERED that Halley's motion to confirm the arbitration is granted. Halley's application for interest and costs is hereby denied. IT IS FURTHER ORDERED that DeGrandpre's cross-motion to vacate the arbitration award is denied.

So Ordered.