Pasha S. ANWAR, et al., Plaintiffs,

v.

**FAIRFIELD GREENWICH LIMITED, et al., Defendants.**

Nos. 09 Civ. 0118(VM), 10 Civ. 9196 (Caso).

United States District Court, S.D. New York.

June 12, 2013.

Order Denying Reconsideration July 23, 2013.

Richmon Company Ltd., pro se.

Positano Investment Ltd., pro se.

Christopher Lovell, Victor E. Stewart, Jody Krisiloff, Lovell Stewart Halebian Jacobson LLP, David A. Barrett, Howard L. Vickery, II, Boies, Schiller & Flexner, LLP, James Abram Harrod, III, Wolf Popper LLP, Robert Alan Wallner, Milberg LLP, William M. O'Connor, Thompson & Knight, LLP, New York, NY, Adam S. Deckinger, Eli Justin Glasser, Jonathan Edgar Pollard, Sashi Bach Boruchow, Stuart Harold Singer, Susan E. Klock, Boies, Schiller & Flexner LLP, Fort Lauderdale, FL, Matthew W. Cheney, Crowell & Moring LLP, Washington, DC, for Plaintiffs.

Mark Geoffrey Cunha, Michael Joseph Chepiga, Jeffrey Edward Baldwin, Jeffrey Lawrence Roether, Paige Elizabeth Fleming, Paul Jacob Sirkis, Peter Eric Kazanoff, Philip A. Mirrer–Singer, Sara Ann Ricciardi, Simpson Thatcher & Bartlett LLP, Glenn Kurtz, White & Case LLP, Andrew J. Levander, Dechert, LLP, David Scott Hoffner, Hoffner PLLC, Adam K. Grant, Daniel R. Benson, Daniel J. Fetterman, Marc E. Kasowitz, Kasowitz, Benson, Torres & Friedman, LLP, Helen Virginia Cantwell, Mark P. Goodman, Debevoise & Plimpton, LLP, Allan J. Arffa, Andrew Garry Gordon, Brad Scott Karp, Leslie Gordon Fagen, Patrick James Somers, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Andrew M. Genser, Kirkland & Ellis LLP, Gabrielle Sean Marshall, Sarah Loomis Cave, William R. Maguire, Hughes Hubbard & Reed LLP, Stephen Lee Weinstein, Eiseman, Levine, Lehrhaupt & Kakoyiannis, P.C., New York, NY, Jennie Boehm Krasner, Dechert, LLP, Princeton, NJ, Amanda McGovern, Dyanne Eyce Feinberg, Elizabeth A. Izquierdo, Terence Michael Mullen, Gilbride Heller & Brown P.A, Anisley Tarragona, Annette Urena, Catherine Whitfield, John T. Houchin, Joshua Daniel Clark, Brown and Heller P.A., Ricardo Alejandro Gonzalez, Greenberg Traurig, P.A., Miami, FL, Amy E. Crawford, Brenton Rogers, Emily Nicklin, Timothy A. Duffy, Kirkland & Ellis LLP, Chicago, IL, Joseph Clay Coates, III, Jon Andrew Jacobson, Lauren Whetstone, Greenberg Traurig, West Palm Beach, FL, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

By letter dated May 24, 2013, Defendants Standard Chartered Bank Interna-

tional (Americas) Ltd. ("SCBI") sought a pre-motion conference to enforce this Court's May 18, 2012 order, 863 F.Supp.2d 346 (S.D.N.Y.2012) (the "May 18 Order") compelling Plaintiff Ricardo Rodriguez Caso ("Caso") to arbitrate his claims against SCBI on an individual basis. (Dkt. No. 70.) Caso responded by letter dated May 30, 2013 (Dkt. No. 71) and SCBI replied by letter dated June 5, 2013 (Dkt. No. 75). Caso submitted a further reply date June 7, 2013 (Dkt. No. 76) which the Court also considered. The Court deems SCBI's May 24, 2013 letter a motion to enforce the May 18 Order and compel individual arbitration. For the reasons stated below, SCBI's motion to enforce the May 18 Order and compel individual arbitration of Caso's claims is GRANTED.

## I. *BACKGROUND*

On May 18, 2012, the Court granted SCBI's motion to compel arbitration of the claims brought by Caso in *Caso v. Standard Chartered Bank International (Americas) Ltd.*, No. 10 Civ. 9196, a putative class action consolidated with a number of other lawsuits into the above-captioned multidistrict litigation, No. 09 Civ. 0118. (Dkt. No. 50.) The Court found that the Nondiscretionary Investment Services Agreement (the "NISA") (Dkt. No. 880, ex. B ¶ 9(a)) compels arbitration for "all controversies" arising out of that agreement. The Court further found that SCBI had not waived its right to compel arbitration and that there was insufficient prejudice to Caso to overcome the strong federal policy favoring arbitration. Accordingly, the Court granted SCBI's motion to compel arbitration of Caso's claims and stayed Caso's case pending completion of arbitration.

On May 7, 2013, Caso served SCBI with notice of his intent to initiate class action arbitration against SCBI.

## II. *DISCUSSION*

■■■ It is a fundamental legal precept that arbitration "is a matter of consent, not coercion." *Volt v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). Thus, a party "may not be compelled ... to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 130 S.Ct. 1758, 1775, 176 L.Ed.2d 605 (2010) (emphasis in original). An agreement to arbitrate alone does not constitute "an implicit agreement to authorize class action arbitration" because "[t]he differences between simple bilateral and complex class action arbitration are too great for such a presumption." *Id.* at 1763. Therefore, an agreement to arbitrate "any and all disputes, controversies, or claims arising out of" that agreement does not in and of itself authorize class arbitration if there is "no provision in the contract which contemplates class-arbitration." *Sanders v. Forex Capital Mkts., LLC*, No. 11 Civ. 864, 2011 WL 5980202, at *11 (S.D.N.Y. Nov. 29, 2011).

To begin with, the Court notes that it retains jurisdiction to enforce and determine the contours of the May 18 Order compelling arbitration. *See Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir.1985) ("[A] court which orders arbitration retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate."); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (holding that where the parties "did not clearly agree to submit the question of arbitrability to arbitration ... the arbitrability of the [ ] dispute was subject to independent review by the courts").

■■■ In the May 18 Order, the Court mandated arbitration of the claims be-

tween Caso and SCBI based on the NISA, a contractual agreement between Caso and American Express Bank International ("American Express"), SCBI's predecessor. The May 18 Order was based on the NISA—an individual agreement—and did not contemplate class arbitration. Furthermore, the language of the NISA clearly does not contain any provision or language that anticipates class arbitration. As the Court reads the reference to "all controversies" in the NISA, the language encompassed any dispute between Caso individually and American Express, not between Caso and all others he decides to regard as similarly situated. Had American Express contemplated that it was agreeing to arbitrate under its contract with Caso not only its controversies with Caso, but also with any and all other plaintiffs Caso chose to bring on board the bandwagon of his dispute, it certainly would have made explicit provision for such a much more expansive obligation. Therefore, the Court reaffirms its May 18 Order compelling arbitration of Caso's individual claims and hereby precludes Caso from arbitrating his claims against SCBI arising out of the NISA on a class basis.

Accordingly, SCBI's motion to compel individual arbitration of Caso's claims and preclude class arbitration is **GRANTED. SO ORDERED.**

### DECISION AND ORDER

By Decision and Order dated June 12, 2013 (the "June 12 Order"), the Court granted the motion of Defendant Standard Chartered Bank International (Americas) Ltd. ("SCBI" or "Defendant") to enforce this Court's May 18, 2012 Order (the "May 18 Order") compelling Plaintiff Ricardo Rodriguez Caso ("Caso" or "Plaintiff") to arbitrate his claims against SCBI on an individual basis. Caso now moves for an order pursuant to Local Rule 6.3 ("Rule 6.3") granting reconsideration. SCBI sub-

mitted a memorandum in opposition and Caso submitted a reply. Caso's submissions in support of the instant motion essentially reiterate the same arguments made in the underlying matter, points that this Court fully considered and found meritless. For the reasons discussed below, Caso's motion for reconsideration is DENIED,

### I. *LEGAL STANDARD*

Reconsideration of a previous court order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (internal citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (*quoting* 18 C. Wright, et al., *Federal Practice & Procedure* § 4478 at 790).

To these ends, a request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the Court in its decision on the underlying matter that the movant believes the Court overlooked and that might reasonably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Rule 6.3 is intended to " 'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.' " *Securities and*

*Exch. Comm'n v. Ashbury Capital Partners,* No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota,* 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment. *See Montanile v. National Broad. Co.,* 216 F.Supp.2d 341, 342 (S.D.N.Y. 2002); *Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 151 (S.D.N.Y.1999).

## II. DISCUSSION

Caso urges reconsideration on the basis of the same arguments that were raised in the original motion. The motion for reconsideration cites no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of the June 12 Order. Indeed, the Court took into account and rejected the various considerations Caso asserts as grounds for this motion.

Caso asserts that the Court erred in granting SCBI's motion to compel individual arbitration of Caso's claims. Specifically, Caso claims that the Court should reconsider its prior decision because the Court (i) "failed to even address, much less apply, any rules of contractual construction" in determining whether the Nondiscretionary Investment Services Agreement (the "NISA") and the Brokerage Agreement permitted class-wide arbitration (Pl.s' Mot. at 7); (ii) erroneously "curtailed Caso's procedural right to bring a class action" by only addressing the provisions of the NISA and ignoring the Brokerage Agreement "in which the ability to bring a class action was not only ·recognized but preserved in federal court" (*id.* at 8–10); (iii) made these determinations without "a full and complete record" (*id.* at 8); and (iv) usurped the role of the arbitrator to decide the procedural "issues of whether a case may proceed as a class action," (*id.* at 11).

The Court's decision, however, was not grounded solely on the NISA, but also took into consideration all of the parties' submissions, the Court's prior analysis in the May 18 Order, and all supporting evidence. The Court previously held in the May 18 Order that "the contracts at issue"-both the Brokerage Agreement and the NISA-do not bar arbitration and therefore, based upon the inconsistency between the Brokerage Agreement and the NISA, the NISA's explicit clause compelling arbitration of "all controversies ... governs with regard to arbitration of claims arising from the investment at issue in this suit." (May 18 Order at 3.) The Court's June 12 Order reinforced this contractual interpretation holding that class arbitration was precluded because the NISA—the only agreement mandating arbitration in the first instance—"clearly does not contain any provision or language that anticipates class arbitration." (June 12 Order at 4.) Therefore, Caso's assertion that the Court improperly concluded that American Express " 'would have' done something different ... based on speculation" is baseless. (Pl.'s Reply at 3.)

Critically, Caso's submissions fail to take into account the fundamental difference between a party's general "procedural right to bring a class action" in federal court and the actual question at issue—whether the parties explicitly agreed to arbitrate on a class wide basis in a specific contractual agreement. Whereas the ability to bring a class action in federal court is a particular legal remedy provided for by federal statute, the contours of "private agreements to arbitrate are enforced according to their terms." *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 559 U.S. 662, 130 S.Ct. 1758, 1773,

176 L.Ed.2d 605 (2010) (internal quotation marks omitted) (*quoting Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)). Because "arbitration is a matter of consent," Defendants "may not be compelled ... to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Id.* at 1775 (emphasis in original). Regardless of whether Florida law applies, Caso has pointed to no provision in either the Brokerage Agreement or the NISA expressing SCBI's explicit consent for class arbitration of the claims at issue. Therefore, even under Florida law, class arbitration is precluded due to the absence of a provision in either the Brokerage Agreement or the NISA explicitly providing for class arbitration.

 Finally, Caso's argument that the Court usurped the role of the arbitrator by deciding the allegedly procedural "issue of whether a case may proceed as a class action" is wholly without merit. (Pl.'s Mot. at 11.) The May 18 Order determined "a gateway dispute about whether the parties are bound by a given arbitration clause" which is "a 'question of arbitrability' for a court to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) (internal citations omitted). The Court's June 12 Order holding that the "May 18 Order ... did not contemplate class arbitration" did not decide an independent procedural issue related to the arbitration, but rather was entered pursuant to the Court's continuing jurisdiction "to enforce and determine the contours of the May 18 Order compelling arbitration" in the first instance. (June 12 Order at 3.) Therefore, the June 12 Order was a proper exercise of the Court's power to determine the arbitrability of a dispute. *See, e.g., Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir.1985) ("[A] court

which orders arbitration retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate."); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (holding that where the parties "did not clearly agree to submit the question of arbitrability to arbitration ... the arbitrability of the [ ] dispute was subject to independent review by the courts").

Because Caso has failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider, Caso's motion for reconsideration is DENIED.

### III. *ORDER*

Accordingly, it is hereby

**ORDERED** that the motion (Dkt. No. 81) of plaintiff Ricardo Rodriguez Caso for reargument or reconsideration of the Court's June 12, 2013 Decision and Order is **DENIED.**

**SO ORDERED.**