EMILIO M. GARZA, Circuit Judge,
dissenting:
I dissent from the majority’s holding that the district court had ancillary jurisdiction to decide Adam’s post-judgment motion to appoint an arbitrator.
The district court did not have ancillary jurisdiction over Adam’s motion. A federal court does not automatically retain jurisdiction to hear a motion to enforce a settlement agreement in a case it has previously dismissed. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380-82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The touchstone of whether the district court retains jurisdiction post-dismissal to enforce the terms of a settlement agreement is whether it is possible to infer such an intention from its dismissal order. SmallBizPros, Inc. v. MacDonald, 618 F.3d 458, 464 (5th Cir.2010) (holding in order to retain jurisdiction to enforce parties’ settlement agreement district court’s dismissal order “must expressly retain jurisdiction or must otherwise embody the terms of the agreement within the dismissal order so that any violation of the terms would also be a violation of the court’s order.”); Washington Hosp. v. White, 889 F.2d 1294, 1298-99 (3d Cir.1989) (“Although a district court does not have continuing jurisdiction over disputes about its orders merely because it had jurisdiction over the original dispute, a stipulated agreement signed by the court does allow a district court to retain jurisdiction.... All that is necessary is that it be possible to infer that he did intend to retain jurisdiction.”) (emphasis added). In Kokkonen, in holding the district court lacked jurisdiction to enforce the settlement agreement, the Court placed great weight on the fact the dismissal order did not even reference the settlement agreement. 511 U.S. at 377, 114 S.Ct. 1673 (“The Stipulation and Order did not reserve jurisdiction in the District Court to enforce the settlement agreement; indeed, it did not so much as refer to the settlement agreement.”); See RE/MAX Int’l, Inc. v. Realty One, Inc., 271 F.3d 633, 643 (6th Cir.2001) (“Kokkonen only requires a reasonable indication that the court has retained jurisdiction, such as a provision retaining jurisdiction over the settlement agreement. In this way, the Court intended to avoid subjective interpretations of what a district court intended to accomplish through its order of dismissal.... ”).[1]
In Hospitality House, Inc. v. Gilbert, we examined whether a dismissal order’s reference to an agreed motion to dismiss sufficed to incorporate the parties’ settlement agreement into the court’s dismissal order where the motion to dismiss expressly incorporated the settlement agree *454 ment. 298 F.3d 424, 433 (5th Cir.2002). We held that mere mention of the agreed motion to dismiss in the dismissal order did not suffice to incorporate the settlement agreement. Id. We further held that under Kokkenen and its progeny, in order for the district court to retain ancillary jurisdiction to enforce the terms of the parties’ settlement agreement, the dismissal order must clearly indicate the court’s intent to make the terms of the settlement agreement part of its dismissal order. Id.
Here, the district court’s dismissal order did not indicate an intention to retain jurisdiction over the parties’ dispute. After the district court determined that the parties agreed to arbitrate their dispute, the district court issued its final judgment and order dismissing the case, stating, “Plaintiffs claims are dismissed for resolution by arbitration.” Adam did not appeal the decision, the arbitration proceeded, and the underlying case was closed. It was not until six months after the deadline for Adam to appeal the final judgment passed that Adam filed the instant motion to appoint an arbitrator. Just as the mere mention of the agreed motion to dismiss in Hospitality House did not suffice to indicate an intention to retain jurisdiction over disputes arising out of the parties’ settlement agreement, so also did mere mention of the arbitration proceedings in the dismissal order fail to indicate an intention to retain jurisdiction over disputes arising out of the arbitration. As the district court’s dismissal order did not imply the district court intended to retain any jurisdiction over the parties’ dispute, under Kokkonen, the district court did not have ancillary jurisdiction to reach the merits of Adam’s motion.[2] Cf. Bell v. Schexnayder, 36 F.3d 447, 448 (5th Cir.1994) (holding district court had properly retained jurisdiction by including language in dismissal order that gave parties right to reopen judgment if settlement was not consummated within sixty days).
The majority holds the district court had ancillary jurisdiction over Adam’s motion under Kokkonen because jurisdiction was necessary to effectuate the court’s decree, ante, at 449, but the court’s decree was merely to dismiss the case.[3] Had the dis *455 trict court dismissed Adam’s motion for lack of jurisdiction, Adam would have had to either file an independent action, or be left to resolve the dispute in arbitration, where it was resolved.[4] The majority holds that by deciding Adam’s motion to arbitrate the district court was “vindicate ing its authority by requiring [the] parties to honor the court’s decision that an obligation to arbitrate necessitated involuntary dismissal of [the] case.” Ante, at 450. This is unconvincing. At the time Adam filed the motion to appoint an arbitrator in the district court, the arbitration panel had already issued its final judgment. Adam’s motion was part of a collateral attack on that judgment.[5] The district court did not “effectuate” its dismissal order by reentering the parties’ dispute after the arbitration panel issued its final judgment. Accordingly, the majority’s conclusion that the district court had ancillary jurisdiction over Adam’s post-judgment motion is erroneous.
Respectfully, I dissent.

. In Washington Hospital, unlike in Kokkonen, the stipulated agreement signed by the district court clearly implied the district court intended to retain jurisdiction to enforce the terms of the settlement agreement:
We think there is little question that the district court retained jurisdiction to resolve allegations of non-compliance with the stipulated agreement. Paragraph nine of the court-approved stipulation states:
"Plaintiffs will make no further effort to have their claims adjudicated or to request judicial relief upon those claims except insofar as questions or issues are raised: (1) by any failure of Defendants to comply with the terms of this Agreement.”
889 F.2d at 1299. The Third Circuit thus held under Kokkonen the district court had jurisdiction to enforce the terms of the parties' agreement. Id.

. Kokkonen implies that where there is an independent basis for jurisdiction over a post-judgment motion ancillary jurisdiction is unnecessary. "Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.” Kokkonen, 511 U.S. 375 at 378, 114 S.Ct. 1673. Here, however, there is no independent basis for jurisdiction over Adam's post-judgment motion merely because the district court had diversity jurisdiction over the dismissed suit. Adam did not file a new complaint stating the diversity of the parties and the dollar amount in controversy. Moreover, Adam's motion to appoint an arbitrator was not a continuation or renewal of the dismissed suit. In the dismissed suit Adam sought to stay the arbitration and addressed the question of whether the parties had an obligation to arbitrate their dispute. By contrast, Adam's motion does not renew the question of whether the parties were bound to arbitrate their dispute but rather raises a new question of arbitration procedure.

. In support of its holding that the district court had jurisdiction the majority cites Smi-ga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 706 (2d Cir.1985), ante, at 449, but this case is readily distinguishable as there the district court stayed the case pending arbitration rather than dismissed the case. By staying the case pending arbitration, the district court clearly indicated an intent to retain jurisdiction over the underlying dispute. Smiga, 766 F.2d at 705. Here, by contrast, the district court dismissed Adam’s claims for resolution by arbitration without indicating any intent to retain jurisdiction over Adam's claims.

. Sutherland filed a separate action to confirm the arbitration award in the United States District Court for the Western District of New York, and that court stayed the proceeding pending the result of this appeal. The fact a federal district court in Texas decided Adam’s motion to appoint an arbitrator and a district court in New York will decide whether to confirm the arbitration award underscores the strange procedural posture of this case.

. Adam simultaneously filed a motion to vacate the arbitration panel’s final judgment on grounds that Sutherland engaged in fraudulent misconduct and the case presented exceptional circumstances.