**CITY OF NAPLES, Plaintiff-Appellee,**

v.

**The PREPAKT CONCRETE COMPANY and American Employers' Insurance Company, Defendants-Appellants.**

No. 73-1367.

United States Court of Appeals, Fifth Circuit.

Feb. 22, 1974.

Rehearing Denied May 23, 1974.

See 494 F.2d 511.

Mark Hicks, Miami, Fla., for American Employers' Ins. Co.

John C. Ausley, Tallahassee, Fla., Leslie Hynes, New York City, for Prepakt Concrete Co.

Carl R. Pennington, Jr., Tallahassee, Fla., Charles K. Allan, Naples, Fla., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and CLARK, Circuit Judges.

GODBOLD, Circuit Judge:

Prepakt, an Ohio corporation, and the City of Naples, Florida, entered into a contract that contained an arbitration clause. The contract did not specify the

place where arbitration hearings, should they become necessary, would be held, but it implied that any dispute over locale was to be decided by the American Arbitration Association.[1] When a dispute arose the City sued Prepakt and its surety, American Employers' Insurance Company, in state court in Florida. Prepakt removed the case to the United States District Court for the Southern District of Florida and there successfully moved to stay the City's suit and to compel arbitration.

Prepakt's motion did not state where arbitration was to take place nor did the District Judge's order specify a locale. Prepakt wanted to arbitrate in Cleveland, Ohio,[2] but the City did not. The American Arbitration Association directed, over the City's objection, that the arbitration take place in Cleveland. The arbitration proceeded there and the arbitrators awarded Prepakt $90,000.

The statute empowering federal courts to compel arbitration states that the "hearing and proceedings . . . shall be within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4 (1970). After arbitration was completed, however, different sections of the federal arbitration statute came into play, stating that an application to confirm the award "may be made to the United States court in and for the district within which such award was made," id. § 9, and that under appropriate circumstances, upon application of a party to the arbitration, the United States court in and for the district in which the award was made may vacate, modify, or correct an award. Id. §§ 10, 11.

Pursuant to § 9, Prepakt moved the District Court for the Northern District of Ohio to confirm the award. At this point the City returned to the District Court in Florida, called the Judge's attention to § 4, and secured an injunction against further proceedings in the matter in any United States court other than the District Court for the Southern District of Florida.[3] Prepakt appeals from that injunction.

Prepakt argues that the Florida federal court departed from the federal arbitration statute by issuing an injunction and thus taking jurisdiction over the parties' dispute as to the correctness of the award. It urges that §§ 9–11 confer jurisdiction to confirm, vacate, modify, or correct an award exclusively upon the District Court in Ohio. As to the setting of a locale different from that of the arbitration-compelling court, in arguable conflict with § 4, Prepakt insists that the City waived its right to object by waiting too long to bring § 4 to the attention of the District Judge in Florida.

The City frames the issues differently. Arguing that there is a stayed but still pending suit in the District Court in Florida, it insists that nothing has happened to divest that court of jurisdiction to enjoin proceedings elsewhere.[4] Moreover, if the award is reviewed in Ohio rather than Florida, argues the City, it will be necessary to press appeals in two circuits in order to secure appellate review of the Florida District Court's threshold actions—denying the City's motion to remand to state court, staying the contract suit, and compelling arbitration—as well as of the Ohio Dis-

1. The contract incorporated by reference the Construction Industry Arbitration Rules of the American Arbitration Association, which give the A.A.A. power to determine locale in cases of disagreement.

2. The District Court had before it several documents showing that this was the locale contemplated by Prepakt.

3. The court also commanded that the arbitration record be transmitted to it, presumably for confirmation, vacation, modification, or correction.

4. The City buttresses its position by urging that since Prepakt's surety, American Employers' Insurance Company, refused to appear or participate in the arbitration proceedings, the issue of the City's rights against the surety is still before the District Court in Florida.

trict Court's decision on the merits of the award.

■ Section 4's statement about the proper locale for an arbitration hearing compelled by a federal court is analogous to a venue provision,[5] and thus is waivable. We hold that by agreeing in an arm's length commercial contract to abide by the A.A.A.'s decision as to arbitration locale in cases of dispute, see note 1 *supra,* the City waived its right to oppose an Ohio locale.

■ The City may be technically correct in urging that the federal court in Florida retained jurisdiction over the stayed lawsuit. Nevertheless, in view of § 9's command, and for reasons of judicial restraint and comity, the District Judge should have declined to enjoin the confirmation proceeding in the Ohio District Court. See Reed & Martin, Inc. v. Westinghouse Elec. Corp., 439 F.2d 1268, 1272–1273 (C.A. 2 1971). The arbitration hearing had lawfully taken place in Ohio, because of the City's waiver of the § 4 venue designation. Diversity of citizenship existed and more than $10,000 was in controversy.[6] Therefore, under § 9, the Ohio District Court was the proper court to confirm, vacate, modify, or correct the arbitration award. See id. at 1276.

■ We are not persuaded by the City's insistence that it will have to appeal in two circuits in order to secure review of all the issues in the case. The stay order and arbitration order were appealable.[7] Since the time for appealing them has long since run out, the City has lost its right to have them reviewed. The denial of the motion to remand, although it would not have been immediately appealable standing alone, nevertheless was reviewable in conjunction with the stay and arbitration orders. See Peters v. Standard Oil of Texas, 174 F.2d 162, 164 (C.A.5 1949). Thus time has run out on it, too.

■ Finally, we are unpersuaded by the City's insistence, see footnote 4 *supra,* that its action against Prepakt's surety in the Southern District of Florida somehow survives. The surety's liability is contingent upon Prepakt's liability. Since the arbitrators absolved Prepakt and entered an award in its favor, the issue of the surety's liability is necessarily extinguished too, unless, of course, the District Court for the Northern District of Ohio should modify the award in such a way as to hold Prepakt liable.

The injunction of the District Court for the Southern District of Florida is

---

5. Cf. Farr & Co. v. Cia. Intercontinental de Navegacion, 243 F.2d 342 (C.A.2 1957), in which the Second Circuit held that a party's contractual agreement to arbitrate in a particular place gave the federal district court of that place (assuming it already had subject matter jurisdiction) *in personam* jurisdiction for purposes of compelling the party under § 4 to arbitrate. In the present case the contract specified no particular place, but the parties designated a method for choosing a place. See note 1 *supra.*

The City urges that Prepakt could have secured an Ohio arbitration locale without fear of transgressing § 4 by petitioning in the federal district court in Ohio to compel arbitration, and that by not having done so Prepakt in effect chose Florida as the locale for arbitration (and by implication for review of the award under §§ 9–11). But locale, if disputed, was not for Prepakt to choose at all. Both parties had surrendered that choice to the A.A.A., and it makes no difference whether the A.A.A. made a final choice before the

petition to compel arbitration was filed (in which case the petitioning party would have known what court to file in) or afterward.

6. We do not hold that diversity and amount in controversy were necessary to confer jurisdiction under § 9, but only note that in this case they were present.

7. See Southeastern Enameling Corp. v. General Bronze Corp., 434 F.2d 330 (C.A.5 1970), in which we held that an order granting a stay pending arbitration was analogous to an injunction order and hence appealable under 28 U.S. § 1292(a)(1) (1970). The same rationale applies to orders compelling arbitration. In fact, if anything it applies with additional force in the case of such orders. Compare New England Power Co. v. Asiatic Petroleum Corp., 456 F.2d 183 (C.A.1 1972), in which the First Circuit, unlike this circuit, held a stay order nonappealable yet stated that an order compelling arbitration is appealable.

vacated with direction that the arbitration record be transmitted to the District Court for the Northern District of Ohio.