ENSERCH INTERNATIONAL
EXPLORATION, INC.,
Plaintiff,

v.

ATTOCK OIL COMPANY,
LTD., Defendant.

Civ. A. No. CA3–86–2184–D.

United States District Court,
N.D. Texas,
Dallas Division.

March 31, 1987.

Frank H. Pope, Jr., Dallas, Tex., and George L. Graff, Charles B. Ortner, Lawrence I. Weinstein, of Milgrim Thomajan Jacobs & Lee, New York City, for plaintiff.

George W. Bramblett, Jr., Sharon N. Freytag of Haynes and Boone, Dallas, Tex., and Thomas J. O'Sullivan of White & Case, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

The Fifth Circuit has yet to decide whether a suit to vacate an arbitration award, if maintained in federal court pursuant to § 10 of the Federal Arbitration Act, must be brought in the district court for the district wherein the award was made.[1]

---

**1.** Some courts cite the Fifth Circuit's opinion in *City of Naples v. Prepakt Concrete Co.,* 490 F.2d 182 (5th Cir.), *cert. denied,* 419 U.S. 843, 95 S.Ct. 76, 42 L.Ed.2d 71 (1974), as holding that a suit to vacate must be brought in the district court for the district in which the award was made.

*See Central Valley Typographical Union, No. 46 v. McClatchy Newspapers,* 762 F.2d 741, 744 (9th Cir.1985) (citing *Prepakt* for proposition that jurisdiction is determined by where hearing held); *see by analogy Island Creek Coal Sales Co. v. City of Gainesville, Florida,* 729 F.2d 1046,

Because this court construes § 10[2] to require such a result, the court concludes that it lacks subject matter jurisdiction over this removed action and, for the reasons set forth below, remands this case to Texas state court.

## I.

## BACKGROUND

This is an action by Enserch International Exploration, Inc. ("Enserch") commenced in Texas state court to vacate an arbitration award rendered in New York City in favor of defendant, Attock Oil Company, Ltd. ("Attock"). Attock removed the case to this court on the basis of diversity of citizenship. Enserch is a Texas corporation whose principal place of business is Dallas, Texas. Attock is an English corporation headquartered in London. Attock has moved to dismiss the action on grounds of lack of subject matter jurisdiction and improper venue, and on the basis that the action is time-barred. Alternatively, Attock moves to transfer the action to the U.S. District Court for the Southern District of New York. Enserch has cross-moved to remand the action to Texas state court and opposes dismissal or transfer.

According to Enserch, the following facts are either stipulated or are not disputed. Attock entered into an oil concession agreement with the Emirate of Abu Dhabi government which provided that if Attock failed to meet certain minimum expenditure obligations or prematurely relinquished the concession it would be required to pay an underexpenditure penalty of one-half the amount, if any, by which the minimum expenditure obligation exceeded the amount Attock had actually spent. Thereafter, Enserch and Attock entered into a farmout agreement granting Enserch a 30% interest in the concession in return for Enserch's agreeing to contribute to the cost of certain concession expenses at double the percentage of the equity interest it was acquiring. Enserch obligated itself to pay 60% of certain expenses. All other costs and expenditures were to be shared by the parties in proportion to their respective participating interests: Attock, 70% and Enserch, 30%.

The parties operated the concession from 1982 to 1984 without notable dispute. In 1984, however, the parties' expenditures

1050 (6th Cir.1984) (§ 9 case citing *Prepakt* as authority regarding exclusive jurisdiction to *confirm* arbitration award). Defendant likewise cites *Prepakt* for this proposition. (D.Mot.Dis. at 14 n. 7). *Prepakt* suggests, however, that principles of waiver of venue, judicial restraint, and comity may have influenced the court's disposition of the case. 490 F.2d at 184. Accordingly, the court does not read *Prepakt* as squarely deciding the question presented.

In addition, in *Fukaya Trading Co., S.A. v. Eastern Marine Corp.,* 322 F.Supp. 278, 280 (E.D.La.1971), a Fifth Circuit district court held that it possessed jurisdiction to vacate an arbitration award made in New York. Although *Fukaya* contains the statement that "[u]nder § 10, the district court where the arbitration was held is the proper court to vacate the award," the court did not decide the question presented here. *Fukaya* involved an action filed in U.S. District Court in Louisiana to enforce an award. Judge Heebe held that once one of the parties had filed suit in a court of proper jurisdiction under § 9 to *enforce* the award, the court possessed jurisdiction to entertain defenses and, in proper cases, to *vacate* the award. *Id.*

Although *Prepakt* and *Fukaya* do not squarely decide the issue, they do support the court's conclusion that § 10 vests exclusive federal

court jurisdiction in the Southern District of New York.

2. 9 U.S.C. § 10:

In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(a) Where the award was procured by corruption, fraud, or undue means.

(b) Where there was evident partiality or corruption in the arbitrators, or either of them.

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

(e) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

were falling measurably below their minimum expenditure obligation. There was no likelihood that future drilling efforts would be successful. Therefore, in November 1984 the parties relinquished the concession and the Abu Dhabi government demanded an underexpenditure penalty of approximately $4.6 million. The parties did not disagree that they jointly owed the penalty; they did dispute *inter se* the percentage of the penalty for which each party was liable. Enserch contended that its share was 30%. Attock argued that Enserch's share was 60%. The parties agreed to submit their dispute to arbitration.

The farmout agreement provided that arbitration take place in Paris pursuant to the rules of the International Chamber of Commerce. The parties nevertheless agreed to arbitrate in New York City pursuant to their own rules, which they thereafter set forth in a written arbitration agreement. The arbitrators [3] issued an award in favor of Attock. Thereafter, Enserch filed suit in Texas state court to vacate the award.

## II.

### DISCUSSION

#### A. Jurisdiction

The court begins, as it must, by determining whether it has subject matter jurisdiction over this suit. Defendant, Attock, contends that the Federal Arbitration Act applies to the instant case, a proposition with which the court agrees,[4] and that § 10 of the Act vests exclusive jurisdiction to vacate the award in the U.S. District Court for the Southern District of New York because the award was made by a panel of arbitrators in that district. Enserch contends § 10 is permissive only, that the Southern District of New York possesses

jurisdiction, but not to the exclusion of another proper court. Each party has support for its position because there is a split of authority among the various courts that have decided the question.

The Ninth Circuit has held in *United States ex rel. Chicago Bridge & Iron Co. v. ETS–Hokin Corp.*, 397 F.2d 935, 939 (9th Cir.1968), that § 10 limits jurisdiction to vacate an award to the district court for the district wherein the award was made. The Ninth Circuit followed *ETS–Hokin* in its recent decision in *Central Valley Typographical Union, No. 46 v. McClatchy Newspapers*, 762 F.2d 741, 744 (9th Cir. 1985). In *Island Creek Coal Sales Co. v. City of Gainesville, Florida*, 729 F.2d 1046, 1050 (6th Cir.1984), *cert. denied,* —— U.S. ——, 106 S.Ct. 346, 88 L.Ed.2d 293 (1985), the Sixth Circuit, citing *ETS–Hokin* as well as the Fifth Circuit's opinion in *Prepakt* and the Seventh Circuit's opinion in *Commonwealth Edison Co. v. Gulf Oil Co.*, 541 F.2d 1263, 1272 n. 16 (7th Cir. 1976), held in a § 9 case [5] that the district court in which the award is made has exclusive jurisdiction.

On the other hand, the Second Circuit has held in a § 9 case that the Act does not vest exclusive jurisdiction or venue in the district court for the district wherein the award was made. *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 706 (2d Cir. 1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1381, 89 L.Ed.2d 607 (1986). *See also Motion Picture Laboratory Technicians Local 780, I.A.T.S.E. v. McGregor & Werner, Inc.*, 804 F.2d 16, 18–19 (2d Cir.1986) (venue provision of § 9 should be read as permissive rather than exclusive). The U.S. District Court for the Northern District of Illinois has also held in a § 9 case [6] that the Act is not mandatory. *NII Metals Servic-*

---

**3.** The arbitrators were: Robert B. McKay, Esq., president of the New York City Bar Association and former dean of New York University School of Law; Robert Von Mehren, Esq., a New York City attorney; and Harold J. Tyler, Jr., Esq., a New York City attorney and former U.S. District Judge. The decision was 2–1.

**4.** *See Huber, Hunt & Nichols v. Architectural Stone Co.,* 625 F.2d 22, 25 (5th Cir.1980).

**5.** Section 9 of the Act deals with actions to enforce awards. Sections 9 and 10 of the Act are often referred to interchangeably as containing similar jurisdiction or venue provisions.

**6.** Enserch erroneously cites *NII Metals* as being a § 10 case. *See* P. Cross-Motion at 24.

*es, Inc. v. ICM Steel Corp.,* 514 F.Supp. 164, 166 (N.D.Ill.1981).[7] The U.S. District Court for the District of Nebraska, in *Paul Allison, Inc. v. Minikin Storage of Omaha, Inc.,* 452 F.Supp. 573, 574 (D.Neb.1978), reasoned that had Congress intended that but one court have jurisdiction it could have used stronger language than "such application may be made" or that a party "may apply" to the district court wherein the award was made. *Accord, Smiga,* 766 F.2d at 706.

This court now enters the jurisprudential debate and holds that Congress intended in § 10 that only one federal court should have jurisdiction to vacate an arbitration award: "the United States court in and for the district wherein the award was made."

The most persuasive evidence of congressional intent is the wording of a statute. *Sierra Club v. Train,* 557 F.2d 485, 489 (5th Cir.1977). In this case Congress did designate a particular court in § 10, by clear description. To hold that Congress intended the designation to be permissive only is to reason that Congress inserted something wholly unnecessary. A statute should be construed so as to avoid making any word superfluous. *United States v. Handy,* 761 F.2d 1279, 1280 (9th Cir.1985); *see United States v. Wong Kim Bo,* 472 F.2d 720, 722 (5th Cir.1972). Just as one can speculate that Congress could have used stronger language, one can also surmise that if Congress had not intended to vest jurisdiction in one court it would have specified no court at all, or would have authorized "any court of competent jurisdiction" to vacate an award. *See by analogy National Railroad Passenger Corp. v. National Association of Railroad Passengers,* 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974) (when a statute limits a thing to be done in a particular

mode, it includes the negative of any other mode). Section 10 should be interpreted by what it says rather than by what it does not say.[8]

The court likewise disagrees with the proposition that Congress' use of the term "may" is intended to define which court is empowered to vacate an award. The word "may" in the phrase, "the United States court in and for the district wherein the award was made may make an order vacating the award," is properly employed to refer to the power or authority of the court to vacate an award. *See, e.g., Diapulse Corp. of America v. Carba, Ltd.,* 626 F.2d 1108, 1110 (2d Cir.1980) (federal court *may* vacate or modify an arbitration award only if one of the grounds specified in 9 U.S.C. §§ 10 and 11 is found to exist); *Bell Aerospace Co. Division of Textron, Inc. v. Local 516, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW),* 500 F.2d 921, 923 (2d Cir.1974) (federal court *may* vacate award of arbitrator only on grounds specified in 9 U.S.C. § 10); *Schlesinger v. Building Service Employees International Union, Local 252, AFL–CIO,* 367 F.Supp. 760, 764 (E.D.Pa.1973) (award *may* be vacated for fraud, corruption, partiality, duress, or other misconduct on part of arbitrator).

Moreover, the Federal Arbitration Act is modeled after the state of New York's arbitration law. *The Hartbridge,* 57 F.2d 672, 673 (2d Cir.1932); *Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corp.,* 184 F.Supp. 116, 117 (S.D. N.Y.1959), *aff'd,* 274 F.2d 805 (2d Cir.), *cert. denied,* 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960). Section 10, in particular, was patterned after New York Civil Practice Act § 1462, *id.,* which is now New York Civil Practice Law and Rules § 7511.

---

**7.** Other federal courts are also split regarding § 9 of the Act. *Cf. Paul Allison, Inc. v. Minikin Storage,* 452 F.Supp. 573, 574 (D.Neb.1978) (§ 9 not exclusive) *with Arthur Imerman Undergarment Corp. v. Local 162,* 145 F.Supp. 14, 17 (D.N.J.1956) (§ 9 mandatory).

**8.** Further, Congress' choice of the U.S. court in the district where the award was made as the appropriate forum is consistent with the charac-

ter of arbitration as a dispute resolution device. Arbitration is "an opportunity generally to secure prompt, economical and adequate solution of controversies." *See Wilko v. Swan,* 346 U.S. 427, 438, 74 S.Ct. 182, 188, 98 L.Ed. 168 (1953). The district wherein the award is made presumably is a reasonable forum for effecting such a prompt, economical, and adequate solution.

*Yanity v. Benware*, 376 F.2d 197, 198 (2d Cir.1967). *See* N.Y. CIV. PRAC. L. & R. § 7511 (McKinney 1980).[9] A companion provision to § 1462, New York Civil Practice Act § 1459,[10] provided that a proceeding in a first application arising out of an arbitrable controversy be brought either (1) in the court and county specified in the agreement or (2) in a court in the county in which the arbitration was held.[11] Congress, in enacting the Federal Arbitration Act, likewise specified a particular court in which to bring suit to vacate an award.

The conclusion that § 10 mandates exclusive jurisdiction in one federal court, coupled with the Supreme Court's holdings that the Federal Arbitration Act applies to the states, *Southland Corp. v. Keating*, 465 U.S. 1, 15, 104 S.Ct. 852, 860, 79 L.Ed.2d 1 (1984), and that the Act does not itself confer subject matter jurisdiction on a federal court, *Moses H. Cone Memorial*

*Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942 n. 32, 74 L.Ed.2d 765 (1983),[12] produces an anomalous result: any *state* court with jurisdiction over the parties may vacate an award under the Federal Arbitration Act, but only one *federal* court may do so, and then only if its subject matter jurisdiction is otherwise invoked. If one accepts the tenets of Justice O'Connor's dissent in *Keating*, 465 U.S. 21–36, 104 S.Ct. 863–71, this quirk is not Congress' handiwork but is instead an inevitable consequence of the Supreme Court's applying to the states a law intended only to govern federal procedure in the pre-*Erie* days of federal substantive law in diversity cases.[13] That Justice O'Connor's dissenting opinion in *Keating* is joined only by Justice Rehnquist may signal a future decision by the Court to extend to all federal courts, that otherwise possess subject matter jurisdiction, the authority to vacate

9. N.Y. CIV. PRAC. L. & R. § 7511(b) (McKinney 1980):

Grounds for vacating.
1. The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by:
   (i) corruption, fraud or misconduct in procuring the award; or
   (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or
   (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or
   (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection.
2. The award shall be vacated on the application of a party who neither participated in the arbitration nor was served with a notice of intention to arbitrate if the court finds that:
   (i) the rights of that party were prejudiced by one of the grounds specified in paragraph one; or
   (ii) a valid agreement to arbitrate was not made; or
   (iii) the agreement to arbitrate had not been complied with; or
   (iv) the arbitrated claim was barred by limitation under subdivision (b) of section 7502.

10. Section 1459 was later made part of the New York Civil Practice Law and Rules and is now found at N.Y. CIV. PRAC. L. & R. § 7502 (McKinney Supp. 1987). "The venue provisions are substantially the same as in CPA § 1459, but add the provision that if the agreement does not specify the county and neither party resides in nor does business in New York, the venue may be in any county." J.M. McLaughlin, PRACTICE COMMENTARIES, N.Y. CIV. PRAC. L. & R. § 7502 (McKinney 1980).

11. Section 9 of the Federal Arbitration Act contains a closely analogous jurisdictional grant: a party may apply for enforcement of an award (1) to the court specified in the arbitration agreement or (2) if no court is specified, then to the United States court in and for the district within which such award was made.

12. In *Moses H. Cone Memorial Hospital*, 460 U.S. at 25 n. 32, 103 S.Ct. at 942 n. 32, the Court observed:

The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. V) or otherwise.

*See also Commercial Metals Co. v. Balfour, Guthrie, & Co.*, 577 F.2d 264, 268–69 (5th Cir. 1978).

13. Justice O'Connor does not in her dissent address the anomaly discussed here.

an arbitration award.[14] Whether or not this is so, and notwithstanding that this court's interpretation of § 10 perpetuates the anomaly sketched above, the court concludes that it should not judicially engraft on § 10 what Congress did not intend.

**B. Disposition**

■ Having concluded that this court lacks subject matter jurisdiction, the court must decide whether to dismiss the case, transfer it to the Southern District of New York, or remand it to Texas state court. Attock urges that the case be dismissed or, alternatively, transferred to the Southern District of New York pursuant to 28 U.S.C. § 1631. Enserch cross-moves the court to remand the case.

As noted, *Keating* teaches that the Texas state court has jurisdiction to decide Enserch's suit. Therefore, this suit was removed from a court that possesses subject matter jurisdiction to a court that does not. Accordingly, remand is the proper course. *See Warren G. Kleban Engineering Corp. v. Caldwell,* 490 F.2d 800, 803 (5th Cir.1974).

■ The court rejects Attock's alternative request for a transfer pursuant to 28 U.S.C. § 1631.[15] Congress enacted § 1631 as part of the Federal Courts Improvement Act of 1982 to give broad transfer powers to federal courts. *In re Exclusive Industries Corp.,* 751 F.2d 806, 808 (5th Cir. 1985). Yet, there is no indication that Congress thereby intended to affect 28 U.S.C. § 1447, which provides for remand of any case removed improvidently and without jurisdiction. *But see Piazza v. Upjohn Co.,* 570 F.Supp. 5 (M.D.La.1983) (transferring pursuant to § 1631 a state lawsuit removed to wrong U.S. District Court). The legislative history of § 1631 reflects Congress' recognition that "[i]n recent years much confusion has been engendered by provisions of existing law that leave unclear which of two or more federal courts ... have subject matter jurisdiction over certain categories of civil actions." U.S.Code Cong. & Adm.News, 97th Congress, 2d Sess. 11, 21 (1982). In the instant case, however, Attock was not confused as to the proper federal court in which to file suit. *Cf. Piazza,* 570 F.Supp. at 6.

Moreover, this is not a case in which denial of a transfer will preclude Attock from obtaining its day in court. *Cf. Slatick v. Director, Office Workers' Compensation Programs,* 698 F.2d 433, 434 (11th Cir.1983) (transfer from Eleventh Circuit to Third Circuit ordered when dismissal would preclude any appellate review); *In re Exclusive Industries Corp.,* 751 F.2d at 808 (transfer from Fifth Circuit to district court ordered when dismissal would preclude any appellate review); *but see Piazza,* 570 F.Supp. at 8 (distinguishing between federal and state forum when suit could be maintained in both). Under *Keating,* the Texas state court is a proper court to hear the suit.[16]

**III.**

The court concludes that this case was improvidently removed and that the court

---

**14.** *See, e.g., Keating,* 465 U.S. at 15, 104 S.Ct. at 860:

We are unwilling to attribute to Congress the intent, in drawing on the comprehensive powers of the Commerce Clause, to create a right to enforce an arbitration contract and yet make the right dependent for its enforcement on the particular forum in which it is asserted.

**15.** The court also rejects Attock's request for a 28 U.S.C. § 1404(a) transfer. The burden is on Attock, as the moving party, to establish why there should be a change of forum. *Time v. Manning,* 366 F.2d 690, 698 (5th Cir.1966). Plaintiff's choice of forum is highly esteemed, *Menendez Rodriguez v. Pan American,* 311 F.2d 429, 434 (5th Cir.1962), and should be given substantial weight. *Stabler v. New York Times, Inc.,* 569 F.Supp. 1131, 1137 (S.D.Tex.1983). The court should not transfer venue where the result will be merely to shift the expense and inconvenience from one party to the other. *See, e.g., Schmidt v. American Flyers Airline Corp.,* 260 F.Supp. 813, 815 (S.D.N.Y.1966). The court has carefully considered the grounds set forth in Attock's motion and concludes that Attock has not carried its burden.

**16.** The court here refers to subject matter jurisdiction. Attock's removing this case to federal court does not preclude it from urging under Tex.R.Civ.P. 120a that the Texas court lacks *in personam* jurisdiction. *See Curry v. Dell Publishing Co.,* 438 S.W.2d 887, 890 (Tex.Civ.App.— El Paso 1969, writ ref'd n.r.e.).

is without jurisdiction. Accordingly, this action is REMANDED to the 116th Judicial District Court of Dallas County, Texas.

SO ORDERED.