**J.V.B. INDUSTRIES, INC., as Assignees of Tab Industries, Inc., as Assignor, Plaintiff,**

v.

**FEDERATED DEPARTMENT STORES, INC., et al., Defendants.**

No. CV 86–3926.

United States District Court,
E.D. New York.

March 1, 1988.

Goetz, Fitzpatrick & Flynn, P.C., New York City, for plaintiff; William B. Flynn, of counsel.

Epstein, Becker & Green, P.C., New York City, Baker & Hostetler, Columbus, Ohio, for defendant Federated Dept. Stores, Inc.

## MEMORANDUM OF DECISION AND ORDER

MISHLER, District Judge.

Defendant moves to dismiss this action, or in the alternative, for a change of venue to the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1401(a). This breach of contract action was commenced on November 19, 1986. On December 9, 1986, defendant moved for arbitration, pursuant to the contract. On December 11, 1986, defendant moved to stay the breach claim pending arbitration against plaintiff and its assignee. Arbitration proceeded in Ohio and an award was made in favor of plaintiff. All issues were arbitrated except a related business interruption claim, which both parties agreed would be determined in a separate Ohio proceeding.

The instant dispute has arisen because plaintiff moved in this court on December 17, 1987 to confirm the award, while defendant moved in the Southern District of Ohio, three days later, to vacate.

## DISCUSSION

*Venue under the United States Arbitration Act*

The procedures for confirming, vacating or modifying an arbitration award are set out in 9 U.S.C. §§ 9, 10, 11. Sections 9, 10 and 11, however, leave open for interpretation the question of where a dispute over an arbitration award is properly venued when plaintiff and defendant have moved in different forums to confirm and vacate the award.

In *Smiga v. Dean Witter Reynolds*, 766 F.2d 698 (2d Cir.1985) the appellant maintained that venue was proper only in the district where the award had been made. The Court of Appeals for the Second Circuit held that although venue for confirmation or vacation of an arbitration award is proper in the district where the award was made, "section 9 [9 U.S.C. § 9] should be read as permissive rather than exclusive." *Id.* at 706. Accordingly, the *Smiga* court held that venue was proper in a district court which has subject matter jurisdiction although it is not the district where the arbitration award was made. *Id.*

Similarly in *Motion Picture Laboratory Technicians Local 780 v. McGregor & Werner, Inc.*, 804 F.2d 16 (2d Cir.1986) the Second Circuit held that venue was proper both in the district where the court had subject matter jurisdiction as well as in the district where the award was made. *Id.* at 18. The *Motion Picture* court went on to rule that, nevertheless, the district court in New York should have dismissed the complaint seeking to confirm the award, not because venue was improper, but rather because the essentially identical action was already underway in Florida. *Id.* at 19. The court held that the first suit should take priority "absent the showing of balance of convenience in favor of the second action or unless there are special circumstances which justify giving priority to the second." *Id.*

Defendant asserts that *Motion Picture* provides authority for this court to dismiss plaintiff's claims. It has long been thought, however, that where removal to another forum is possible, dismissal is too harsh, *cf. Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Evans v. Rushing*, 175 F.Supp. 90 (E.D.S. C.1959); *Wilt v. Smack*, 147 F.Supp. 700 (D.C.Pa.1957). Here, dismissal would be too harsh. Plaintiff may be time barred by the statute of limitations and unable to bring suit, *see Gulf Oil Corp.*, 330 U.S. at 516, 67 S.Ct. at 847. Therefore, a transfer to Ohio rather than dismissal of this action is more appropriate.

*Discretionary Transfer Under 28 U.S.C. § 1404(a)*

■ Although we find that this court has subject matter jurisdiction to confirm

24

the arbitration award, under 28 U.S.C. § 1404(a) we have determined that this action should be transferred to the District Court for the Southern District of Ohio. The Supreme Court has noted that the idea of convenience underlies venue, *see Gulf Oil Corp.*, 330 U.S. at 508, 67 S.Ct. at 843. Indeed, in *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the Court characterized venue in terms of "considerations of convenience and justice." *Id.* at 616, 84 S. Ct. at 809.

Defendant has moved for a change of venue under 28 U.S.C. § 1404 which states:

[f]or the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The Second Circuit has delineated factors to be weighed in determining whether convenience and justice require transfer of an action to another forum. *See Motion Picture Laboratory Technicians Local 780 v. McGregor & Werner*, 804 F.2d 16 (2d Cir. 1986); *A. Olinick & Sons v. Dempster Bros., Inc.*, 365 F.2d 439 (2d Cir.1966); *Cain v. New York State Bd. of Elections*, 630 F.Supp. 221 (E.D.N.Y.1986).

When all factors are considered, the balance in the instant case weighs heavily in favor of transfer to Ohio. Defendant's principal place of business is in Ohio. Plaintiff accepted the claim knowing its assignor had agreed to arbitrate in Ohio. The arbitration took place in Ohio. The material witnesses and documents are in Ohio. The cause of action arose in Ohio, and Ohio law will apply to the breach of contract claim. In addition, a related business interruption claim is pending in the Southern District of Ohio. There is no consideration of forum shopping at issue. Finally, the action's only connection with New York is that it is the home of plaintiff, connected solely with this case as an assignee of an Ohio corporation. Thus, upon consideration of these factors, it is evidence that the "interests of justice" would be better served by transfer to the Southern District of Ohio, pursuant to § 1404(a).

Finally, although plaintiffs did file for confirmation in New York on December 17, 1987, three days before defendant filed for vacation in Ohio, first filing is not dispositive of the issue. *Motion Picture*, 804 F.2d at 19.

In addition, we note that Judge Graham who is presiding over the action in the Southern District of Ohio, Eastern Division Ohio (CV C2–87–1523) has determined that the Ohio District Court has subject matter jurisdiction and venue in that district is proper. Judge Graham has agreed to the transfer of this action to that court and to consolidate the two actions. Accordingly, the above case is transferred to the United States District Court for the Southern District of Ohio, Eastern Division.

The Clerk of the Court is directed to send the official file (Docket No. CV 86–3926) to the Clerk of the United States District Court for the Southern District of Ohio, Eastern Division.

SO ORDERED.