**SUNSHINE BEAUTY SUPPLIES, INC.,**
**d/b/a Consumer Products Associates**
**Distributors, Petitioner,**

v.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF**
**CALIFORNIA, Respondent,**

**and**

**Armstrong–McCall, Real Party**
**in Interest.**

**No. 89–70073.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 6, 1989.

Decided April 6, 1989.

Charles R. Chapman, Conkle & Olesten, Los Angeles, Cal., for petitioner.

Stephen B. Mains, Leland, Parchini, Steinberg, Flinn, Matzger & Melnick, Los Angeles, Cal., for real-party-in-interest.

Before HUG, POOLE and HALL, Circuit Judges.

## ORDER

Sunshine Beauty Supplies, Inc., petitions for a writ of mandamus compelling the United States District Court for the Central District of California to vacate its order transferring the underlying action to the Western District of Texas and to render a decision on the pending motions to confirm the arbitration award. We grant the petition for a writ of mandamus.

Sunshine Beauty Supplies ("Sunshine") entered into a contract to sell certain products to the defendant in the underlying action, Armstrong–McCall. The contract

contained a clause providing that any disputes arising out of the purchase would be settled by arbitration in Los Angeles, and that the parties consented to the jurisdiction of the Superior Court of Los Angeles and to the United States District Court for the Central District of California for all purposes in connection with the arbitration. Armstrong–McCall breached the contract by refusing to pay for goods shipped by Sunshine and demanding that Sunshine take back the goods.

Sunshine filed a demand for arbitration with the American Arbitration Association. Armstrong–McCall refused to arbitrate, so Sunshine filed a petition to compel arbitration in California state court. Armstrong–McCall removed the petition to federal district court. As a result of the petition to compel arbitration, an arbitration hearing was held, and on November 30, 1988, the arbitration award was issued in favor of Sunshine.

On December 6, 1988, Armstrong–McCall filed a motion in the district court for an order transferring venue to the Western District of Texas. On December 28, 1988, Sunshine filed a motion to confirm the arbitration award. Both motions were calendared for hearing on January 27, 1989. The district court granted the motion to transfer venue and stated that the motion to confirm the arbitration award would be left for the transferee court to decide.

The district court denied Sunshine's motion to stay the effectiveness of the transfer order. Sunshine then filed a petition for writ of mandamus in this court. We granted a temporary stay of the district court order pending resolution of the petition.

■ This court has power to review by mandamus an order transferring a case to a district court in another circuit. *NBS Imaging Systems v. United States District Court*, 841 F.2d 297 (9th Cir.1988); *Varsic v. United States District Court*, 607 F.2d 245 (9th Cir.1979). The application of the factors set forth in *Bauman v.*

*United States District Court*, 557 F.2d 650, 654–55 (9th Cir.1977), lead us to the conclusion that mandamus relief is warranted here.

■ The transfer order is not a final appealable order. *See Varsic*, 607 F.2d at 251. Although Sunshine could appeal after final judgment in the Western District of Texas, the prejudice that results from an erroneous transfer order is of a type not correctable on appeal. *See id.* at 252.

■ We next consider whether the district court erroneously granted the motion to transfer. *Varsic*, 607 F.2d at 247; *Bauman*, 557 F.2d at 654. The district court ordered the transfer under 28 U.S.C. § 1404(a).[1] In exercising its discretion under this provision, the district court must give consideration to a contractual forum-selection clause. *Stewart Organization, Inc. v. Ricoh Corp.*, — U.S. —, 108 S.Ct. 2239, 2249, 101 L.Ed.2d 22 (1988). "The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus." *Id.* 108 S.Ct. at 2244. Here, the record fails to indicate that the district court gave any consideration to the presence of a forum-selection clause by the parties. The district court stated in its oral ruling: "Motion to change venue is granted. [T]he other matter on the calendar [the motion to confirm the arbitration award] will have to be decided by the transferring judge." The order of transfer stated that the court "found that transfer of this case is necessary for the convenience of the parties and witnesses and that it is in the interest of justice to do so." The district court erred in transferring the underlying action without giving any consideration to the forum-selection clause as required under *Stewart*.

■ The district court also erred by transferring venue of the pending motion to confirm the arbitration award under 9

1. 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

U.S.C. § 9.[2]  The question of whether the venue provision of 9 U.S.C. § 9 is mandatory is an issue of first impression in this circuit.  There is a split of authority among the circuits as to whether section 9's venue provision is mandatory.  *See Concourse Beauty School, Inc. v. Polakov,* 685 F.Supp. 1311, 1314 (S.D.N.Y.1988) (discussing cases).  This circuit has held that 9 U.S.C. § 10,[3] which provides for an action to vacate an arbitration award analogous to the section 9 action to confirm the award, limits jurisdiction to vacate an award to the district where the award was made.  *Central Valley Typographical Union, No. 46 v. McClatchy Newspapers,* 762 F.2d 741, 744 (9th Cir.1985); *United States ex rel. Chicago Bridge & Iron Co. v. Ets–Hokin Corp.,* 397 F.2d 935, 939 (9th Cir.1968). Because we find no basis for creating a distinction between the venue provisions of sections 9 and 10,[4] we conclude that the district court erred in transferring venue of Sunshine's motion to confirm the arbitration award.

The weight of the *Bauman* indicators rests in Sunshine's favor.  *See Varsic,* 607 F.2d at 252.  We therefore grant the petition for a writ of mandamus and direct the district court to vacate its order transferring the underlying action and to render a decision on Sunshine's motion to confirm the arbitration award.

PETITION GRANTED.

---

**2.** 9 U.S.C. § 9 provides in relevant part:

   If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

**3.** 9 U.S.C. § 10 provides in relevant part: "[T]he United States court in and for the district where-

in the award was made may make an order vacating the award."

**4.** A motion to vacate under section 10 has been described as an "essentially identical action" to a motion to confirm under section 9.  *See Motion Picture Laboratory Technicians Local 780 v. McGregor & Werner, Inc.,* 804 F.2d 16, 19 (2d Cir.1986); *Concourse Beauty,* 685 F.Supp. at 1315; *Enserch Int'l Exploration, Inc. v. Attock Oil Co.,* 656 F.Supp. 1162, 1164 n. 5 (N.D.Tex. 1987).