SOO LINE RAILROAD
COMPANY, Plaintiff,

v.

CHICAGO AND NORTH WESTERN
TRANSPORTATION COMPANY,
Defendant.

Civ. No. 4-90-219.

United States District Court,
D. Minnesota,
Fourth Division.

May 23, 1990.

Patrick J. McPartland, Minneapolis, Minn., for plaintiff.

Edward M. Glennon and Randy G. Gullickson, Lindquist & Vennum, Minneapolis, Minn., and James A. Klenk and Karen H. Flax, Sonnenschein, Nath & Rosenthal, Chicago, Ill., for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on defendant's motion to dismiss plaintiff's complaint or alternatively to transfer it to a different district. Based on the briefs and arguments of counsel, and the record, file and proceedings herein, defendant's motion to dismiss will be denied and defendant's motion to transfer this action to the Northern District of Illinois under both 28 U.S.C. §§ 1404(a) and 1406(a) (1982) will be granted.

## BACKGROUND

On February 1, 1990, an award was rendered in an arbitration between the Chicago and North Western Transportation Company ("CNW") and the Soo Line Railroad Company ("Soo"). CNW prevailed. The award was made in Chicago, Illinois. The arbitration agreement between CNW and Soo provided that Chicago, Illinois, was the place to conduct any necessary arbitration. Soo's claim in this case arose in Chicago and CNW's principal place of business is there.

On March 27, 1990, Soo filed this action to vacate portions of the Arbitration Decision and Award. Two days later CNW filed an action in the District Court for the Northern District of Illinois seeking to confirm the arbitration award. CNW now moves to dismiss the instant action or transfer it to the Northern District of Illinois.

## DISCUSSION

The district court in which a case is filed laying venue in the wrong district must dismiss, or in the interest of justice, transfer such case to any district in which it could have been brought. 28 U.S.C. § 1406(a) (1982). CNW argues that Soo filed this case in the wrong district because § 10 of the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1988), requires the case to be brought in the district where the arbitration award was made. Section 10 provides in pertinent part that: "the United States Court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration...."

The courts are split as to whether the venue provision of § 10 is mandatory. *Compare Sunshine Beauty Supplies, Inc. v. United States District Court for the Central District of California*, 872 F.2d 310, 312 (9th Cir.1989) ("this circuit has held that 9 U.S.C. § 10 ... limits jurisdiction to vacate an award to the district where the award was made") (citations omitted) *and City of Naples v. Prepakt Concrete Co.*, 490 F.2d 182, 183 (5th Cir.), *cert. denied*, 419 U.S. 843, 95 S.Ct. 76, 42 L.Ed.2d 71 (1974) (suit to vacate or affirm arbitration award must be brought in the district court for the district in which the award was made) *with Concourse Beauty School, Inc. v. Polakov*, 685 F.Supp. 1311, 1315 (S.D.N.Y.1988) (the language of § 10 is permissive and therefore does *not* limit jurisdiction to vacate an award to the district where the award was made). The Eighth Circuit Court of Appeals has addressed this issue only tangentially. *See Stroh Container Co. v. Delphi Industries, Inc.*, 783 F.2d 743, 747–48 n. 7 (8th Cir. 1986). In *Stroh*, the Eighth Circuit suggested in a note to the opinion that § 9 of the Federal Arbitration Act is a "special venue provision," not a jurisdictional limitation. Section 9 uses similar language to § 10 in providing a federal forum for confirmation of an arbitration award. *Stroh* does not address whether the phrase "special venue provision" means that proper venue is limited only to the court where the award was made, which is the interpreta-

tion argued by CNW, or whether the phrase means that § 9, or § 10, provides an alternate to the choice of venue generally available to parties under 28 U.S.C. § 1391(a) (1982), which is the interpretation urged by Soo.

The court agrees with CNW and the majority of courts that the language of § 10 limits proper venue to the district where the arbitration award was made. The permissive word "may" used in § 10 provides discretion to the court in determining whether to make an order to vacate, but does not provide a party the opportunity to determine which district it may choose to obtain an order vacating an arbitration award. The statute plainly limits a party's choice of the district in which to file to one "wherein the award was made." Accordingly, the court grants defendant's motion to transfer this action to the Northern District of Illinois pursuant to 28 U.S.C. § 1406(a) (1982).

Even if this action is not transferred under § 1406(a), the court concludes that it nevertheless must be transferred under 28 U.S.C. § 1404(a) (1982). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." In determining whether to transfer a confirmation and/or vacation proceeding such as the instant case, the court may consider the following factors: (1) the location of the arbitration, (2) the defendant's principal place of business, (3) the convenience of the defendants and the witnesses, (4) the location at which the operative facts giving rise to the cause of action occurred, and (5) the plaintiff's choice of forum. *J.V.B. Industries, Inc. v. Federated Dep't Stores, Inc.*, 684 F.Supp. 22, 24 (E.D.N.Y.1988). Here, the location of the arbitration was in Chicago, defendant's principal place of business is in Chicago, and the location of the operative facts was in Chicago. While plaintiff chose this forum two days before defendant filed a confirmation action in the Northern District of Illinois, the race to the courthouse in this case, when the filings

**70**

were only two days apart, will not be won by the first to file. *Id.* at 24.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss is denied.

2. Defendant's motion to transfer this action to the United States District Court for the Northern District of Illinois is granted.