**DELTA DENTAL OF RHODE ISLAND, Plaintiff,**

v.

**DENTAL SERVICE OF MASSACHUSETTS, INC., Defendant.**

**No. CA 95–0447B.**

United States District Court, D. Rhode Island.

March 14, 1996.

William R. Landry, Michael W. Carroll, Blish & Cavanagh, Providence, RI, for Plaintiff.

Normand G. Benoit, Partridge, Snow & Hahn, Providence, RI, David Rosenberg, Beth Levi, Rosenberg, Rosenfield & Shapiro, Boston, MA, for Defendant.

### OPINION

FRANCIS J. BOYLE, Senior District Judge.

This matter concerns an arbitration award in a contract dispute between the parties. Plaintiff has filed an action with this court to vacate or modify a portion of the award. In response, defendant has moved to dismiss the action because of lack of subject matter jurisdiction and inappropriate venue.

BACKGROUND:

Plaintiff, Delta Dental of Rhode Island ("Delta"), is a Rhode Island corporation headquartered in Providence, Rhode Island. As its primary business, Delta sells dental benefit programs to groups in Rhode Island as well as other states. Defendant, Dental Service of Massachusetts, Inc. ("Service"), is a Massachusetts corporation with its headquarters in Medford, Massachusetts. Service is in the business of providing administrative and claims processing services to dental service programs such as Delta.

In August of 1992, Delta and Service entered into a contract ("the Services Agreement") that became effective January 1, 1993. Under this Services Agreement, Service provided claims processing, enrollment, billing and other administrative services to Delta. The Services Agreement provided that any dispute arising under the agreement would be resolved by arbitration in accord with the commercial arbitration rules of the American Arbitration Association ("AAA"). The agreement further provided that "[t]he parties seeking arbitration will initiate arbi-

tration by filing a demand at the Hartford, Connecticut regional office of the AAA."

In 1994, a dispute arose between the parties, and in accord with the Services Agreement, Delta filed a demand for arbitration on fourteen separate claims in Hartford on July 14, 1994. Arbitration hearings were held in Connecticut, and an arbitration award was rendered from Connecticut on all claims. Subsequently, Delta filed an action with this court pursuant to the Federal Arbitration Act ("the Act"), 9 U.S.C. §§ 10 & 11, seeking to have this court vacate or modify the award with respect to one of the fourteen claims. Defendant Service has filed a motion to dismiss pursuant to Fed.R.Civ.P. Rules 12(b)(1) & (3), claiming that this court lacks both jurisdiction and venue. Defendant contends that under §§ 10 & 11 of the Act the only court that can vacate or modify an arbitration award is the United States court in the district where the award was made, here Connecticut. Plaintiff, on the other hand, contends that under the Act "any competent United States District Court" can vacate or modify an arbitration award.

DISCUSSION:

The disposition of the motion to dismiss hinges upon the interpretation of §§ 10 and 11 of the Federal Arbitration Act. Title 9 U.S.C. § 10 provides: "In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration ..." Similarly, 9 U.S.C. § 11 provides: "In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration ..." The controversy underlying this action results from an ambiguity as to whether the above venue provisions are to be interpreted as mandatory or permissive; that is, does the

language of the Act designate the district court where the award was made as the *only* proper court for jurisdictional purposes, or does the Act merely permit jurisdiction and venue in that court.

While this is a case of first impression in the First Circuit and this district, this issue has been adjudicated in several other federal courts. Courts which have decided the issue are divided as to whether the provisions are mandatory or permissive. The Ninth Circuit Court of Appeals, as well as, district courts within the Fifth and Eighth Circuits have interpreted the language as mandatory. *Central Valley Typographical Union, No. 46 v. McClatchy Newspapers*, 762 F.2d 741, 744 (9th Cir.1985); *United States ex rel. Chicago Bridge & Iron Co. v. Ets–Hokin Corp.*, 397 F.2d 935, 938–39 (9th Cir.1968); *Soo Line R.R. Co. v. Chicago & North Western Transp. Co.*, 737 F.Supp. 68, 69 (D.Minn. 1990); *Enserch International Exploration, Inc. v. Attock Oil Co.*, 656 F.Supp. 1162, 1165–66 (N.D.Tex.1987). Furthermore, the Fifth and Sixth Circuits have held that similar language in 9 U.S.C. § 9[1] mandates exclusive jurisdiction and venue in the district court in the district in which the award was made. *Island Creek Coal Sales Co. v. City of Gainesville, Florida*, 729 F.2d 1046, 1050 (6th Cir.1984), *cert. denied*, 474 U.S. 948, 106 S.Ct. 346, 88 L.Ed.2d 293 (1985); *City of Naples v. Prepakt Concrete Co.*, 490 F.2d 182, 184 (5th Cir.1974), *cert. denied*, 419 U.S. 843, 95 S.Ct. 76, 42 L.Ed.2d 71 (1974).

Conversely, the Seventh Circuit Court of Appeals and district courts within the Second and Eleventh Circuits have found the language of § 10 to be permissive. *In re VMS Securities Litigation*, 21 F.3d 139, 145 (7th Cir.1994); *Dombrowski v. Swiftships, Inc.*, 864 F.Supp. 1242, 1252–53 (S.D.Fla.1994); *Concourse Beauty School v. Polakov*, 685 F.Supp. 1311, 1315 (S.D.N.Y.1988). In addition, the Second Circuit Court of Appeals and

---

1. Section 9 of the Federal Arbitration Act concerns actions to enforce arbitration awards, whereas, §§ 10 and 11 deal with actions to vacate and/or modify awards. Section 9 provides in relevant part, "If no court is specified in the agreement of the parties, then such application [for order confirming the award] may be made *to the United States court in and for the district*

*within which such award was made."* (emphasis added). Courts that have ruled on the issue have almost unanimously agreed that the venue provisions of §§ 9 and 10 are to be interpreted with uniformity. *See In re VMS Securities Litigation,* 21 F.3d 139, 142 (7th Cir.1994); *Sunshine Beauty Supplies, Inc. v. United States District Court,* 872 F.2d 310, 312 n. 4 (9th Cir.1989).

several district courts have held that the language in 9 U.S.C. § 9 is permissive. *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 706 (2d Cir.1985); *Loleta B. Wing v. J.C. Bradford & Co.*, 678 F.Supp. 622, 626 (N.D.Miss.1987); *NII Metals Services, Inc. v. ICM Steel Corp.*, 514 F.Supp. 164, 166 (N.D.Ill.1981); *Paul Allison, Inc. v. Minikin Storage of Omaha, Inc.*, 452 F.Supp. 573, 574–75 (D.Neb.1978).

This court is persuaded by the reasoning of the courts that have found the language of the Act to be permissive.

### A. Statutory Language

The First Circuit Court of Appeals has held that "[a]s a fundamental principle of statutory construction, we will not depart from, or otherwise embellish, the language of a statute absent either an undeniable textual ambiguity or some other extraordinary consideration, such as the prospect of yielding a patently absurd result." *Pritzker v. Yari*, 42 F.3d 53, 67–68 (1st Cir.1994) (citations omitted). Courts that have found the venue provisions of the Act to be mandatory have reasoned that the language in question is not ambiguous; that a straight forward reading of the provisions clearly indicates that venue is mandated in one federal court only. *See Island Creek Coal Sales Co.*, 729 F.2d at 1050; *Soo Line R.R. Co.*, 737 F.Supp. at 69; *Enserch*, 656 F.Supp. at 1165. While this court concedes that is one possible interpretation, it does not hold that it is the only possible interpretation. The fact that such a divergence exists in the case law makes it patently clear that an ambiguity does indeed exist.

When such an ambiguity exists, a comparison between the statute in question and unambiguous language in other statutes that may be consistent with the different possible interpretations of the ambiguous provision can often be helpful in determining the correct interpretation. Other courts have done so and concluded that if Congress had intended to mandate jurisdiction only in the "United States court in and for the district wherein the award was made," it would have used much stronger language to do so. *See In re VMS Securities*, 21 F.3d at 144; *Smi-*

*ga*, 766 F.2d at 707; *Paul Allison, Inc.*, 452 F.Supp. at 574.

In other statutes, Congress has clearly mandated jurisdiction and venue in certain courts. *See* 40 U.S.C. § 270b(b) (1986); 42 U.S.C. § 7604(c)(1) (1995). It has done so, however, with language that is much stronger in import than the language in the venue provisions in question here. In the Clean Air Act, for instance, Congress has stated: "Any action ... may be brought *only* in the judicial district in which such source is located." 42 U.S.C. § 7604(c)(1) (emphasis added). Similarly, in the Miller Act, Congress mandated jurisdiction and venue in certain courts only by stating: "Every suit instituted under this section shall be brought ... in the United States District Court for any district in which the contract was to be performed and executed and *not elsewhere*." 40 U.S.C. § 270b(b) (emphasis added). Absent such strong language as "only" or "not elsewhere" this court can not find that Congress intended that §§ 10 and 11 of the Arbitration Act mandate jurisdiction only in the "United States court in and for the district wherein the award was made."

Some courts that have found the venue provision to be mandatory have looked to the language of the provisions and reasoned that, by the designation of one particular court, the provisions indicate exclusive and mandatory venue. *See Island Creek*, 729 F.2d at 1049–50; *Prepakt Concrete*, 490 F.2d at 184; *Enserch*, 656 F.Supp. at 1165. While it is clear that the Act does not provide for federal jurisdiction where there is no independent basis for federal subject matter jurisdiction, *see Southland Corp. v. Keating*, 465 U.S. 1, 16, 104 S.Ct. 852, 861, 79 L.Ed.2d 1 (1984), the First Circuit Court of Appeals has held that the specific designation of "the United States court in and for the district within which such award was made" allows that court to exercise personal jurisdiction over the parties to the award where there may not otherwise be sufficient contacts to do so, *see Weststar Associates, Inc. v. Tin Metals Co.*, 752 F.2d 5, 7–8 (1st Cir.1985). It follows, based upon the court's reasoning in *Weststar*, that the language of the Act does not indicate exclusive and mandatory jurisdiction but in-

stead merely permits jurisdiction and venue in the district where the award was made if there is independent subject matter jurisdiction (ie: diversity of citizenship and requisite dollar amount in controversy).

### B. Absurd Result

Furthermore, a holding that the venue provisions of the Act are mandatory leads to "the prospect of yielding a patently absurd result." *See Pritzker, supra.* One principle of statutory construction is that an ambiguous provision must be interpreted such that it helps effectuate the purpose of the statute. Thus, in this instance the ambiguous venue provisions must be interpreted in the manner which best accomplishes and promotes the purpose of the Arbitration Act. It is clear that Congresses recognition of arbitration as an effective, and necessary, alternative to litigation was to promote the concept of efficient use of our judicial system. *See* H.R.Rep. No. 96, 68th Cong., 1st Sess. 1 (1924). Congress saw the need to pass legislation favoring arbitration in order to help ease the growing congestion, delay and expense of in-court litigation, and it did so in the form of the Arbitration Act. *See id.* Accordingly, it follows that the venue provisions of the Act must be interpreted in order to promote the efficiency of the judicial system.

Interpreting the provisions with that aim in mind, it is clear that the venue provisions in question must be read to be permissive. A finding that the provisions mandate jurisdiction and venue in one federal court only would result in the absurdity that a district court that already has jurisdiction over the parties is prevented from proceeding with the matter to its conclusion. In *NII Metals Services, Inc. v. ICM Steel Corp.*, for instance, an action for breach of contract was brought in the United States District Court for the Northern District of Illinois. 514 F.Supp. at 165. Because the contract contained an arbitration clause, the district court stayed the action in accord with § 3 of the Act.[2] *Id.* An arbitration award was ren-

dered from New York City and the prevailing party returned to the District Court for the Northern District of Illinois seeking an order confirming the award. *Id.* The losing party attempted to block the order, arguing that the Act mandated venue in the United States District Court for the Southern District of New York. *Id.* The district court disagreed and confirmed the award stating:

> It would of course appear wasteful for this Court, already having jurisdiction of the parties, to be required to dismiss the action, making the prior stay a meaningless act and compelling NII to sue in New York to confirm the award. Accordingly, the conclusion expressed in this opinion is consistent with the principles of judicial economy.

*Id.* at 166. This court agrees with the *NII* court that a mandatory reading of the §§ 9, 10 or 11 venue provisions would not only result in judicial inefficiency in contravention of the purpose of the Act, but also the absurd result of essentially rendering § 3 of the Act meaningless.

### C. Convenience

Some courts that have found the provisions mandatory have predicated their holdings on the presumption that the district in which the award was made has already been agreed to by the parties as a convenient location. *See Central Valley Typographical Union,* 762 F.2d at 744; *Enserch,* 656 F.Supp. at 1165 n. 8. As this case illustrates, however, that may not always be the case. In this instance, a Rhode Island corporation is suing a Massachusetts corporation over a contract that was to be performed and executed solely within those two states. The Services Agreement provided that all arbitration hearings would "be held in Providence, Rhode Island *or at a site selected by the panel.*" (emphasis added). The hearings were held in, and the arbitration award was rendered from, Connecticut largely because it was a centrally convenient location for the three member arbitration panel who were from Rhode Island, New York and New Jersey,

---

**2.** 9 U.S.C. § 3 provides: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration ..."

the court in which such suit is pending ... shall ... stay the trial of the action until such arbitration has been had."

respectively. To say, however, that Connecticut is the only convenient forum for the present action is a failure to recognize reality. Connecticut's involvement is limited to the place of arbitration proceedings. The parties are located in Massachusetts and Rhode Island, and the contract is to be performed there.

Furthermore, a finding that the provisions of the Act provide for permissive jurisdiction and venue does not preclude a district court from transferring an action to "the United States court in and for the district wherein the award was made" under 28 U.S.C. § 1404 if such a venue is more convenient.

CONCLUSION:

For the foregoing reasons, and because independent federal jurisdiction exists in this matter, the defendant's motion to dismiss is hereby denied.